UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:21-CR-109 |
| | ) | |
| vs. | ) | |
| | ) | |
| RICCO SAINE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Ricco Saine's Motion to Exclude Evidence of Prior and/or Other Acts [Doc. 26] seeking the suppression of evidence relating to prior arrests, convictions, and other acts by Defendant Ricco Saine ("Mr. Saine"). The United States filed a Response to Defendant's Motion [Doc. 75]. The Court held a hearing on multiple pending motions in this case on October 6, 2022. Mr. Saine, Mr. Saine's counsel Timothy W. Hudson, Esq., Defendant Tonya Saine ("Ms. Saine"), Ms. Saine's counsel Jessica C. McAfee, Esq., and Assistant United States Attorneys B. Todd Martin, Esq. and M. Blake Watson, Esq. were present before the Court. Counsel for Mr. Saine and the United States agreed that the Motion could be determined based on the filings. Thus, counsel did not offer proof related to this Motion during the hearing. This matter is before the Court pursuant to 28 U.S.C. § 636(b) and the standing orders of the District Court for a Report and Recommendation. For the reasons stated herein, the undersigned **RECOMMENDS** that the Motion to Exclude [Doc. 26] be **DENIED without prejudice**.

The Federal Rules of Evidence prohibit the admission of "evidence of any other crime, wrong, or act" where admission of such evidence is sought to prove a person acted in accordance

therewith, except when the evidence is being used for a permissible purpose. Fed. R. Evid. 404(b). When the Government seeks to offer character evidence under a recognized exception, the rules require that the Government provide notice in writing before trial of the evidence that the prosecutor intends to offer at trial and articulate the permitted purpose for doing so, with limited exceptions. Fed. R. Evid. 404(b)(3).

Here, the United States has not yet provided notice as to which prior acts it intends to present at trial. Until the United States files a notice of intent to use prior acts, it would be premature for the Court to address Mr. Saine's arguments as to the admissibility of prior acts. Accordingly, the undersigned **RECOMMENDS** that Mr. Saine's Motion to Suppress [Doc. 26] be **DENIED without prejudice**. The undersigned further recommends that Defendant's counsel be permitted to refile the motion upon receipt from the United States of notice of intent to use prior acts, but that in any such filing Defendant's counsel be required to address specifically the prior acts sought to be excluded and the legal basis supporting the request.[1]

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).