UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 2:21-CR-109 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICCO SAINE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Suppress Jail Call [Doc. 28] seeking the suppression of evidence obtained on or about October 18, 2021. The United States filed a Response to Defendant's Motion [Doc. 76]. The Court held a hearing on the Motion on October 6, 2022. Defendant Ricco Saine ("Mr. Saine"), Mr. Saine's counsel Timothy W. Hudson, Esq., Defendant Tonya Saine ("Ms. Saine"), Ms. Saine's counsel Jessica C. McAfee, Esq., and Assistant United States Attorneys B. Todd Martin, Esq. and M. Blake Watson, Esq. were present before the Court. Counsel for Mr. Saine and the United States agreed that the Motion could be determined based on the filings before the Court. As such, counsel did not offer proof related to the Motion during the hearing. This matter is before the Court pursuant to 28 U.S.C. § 636(b) and the standing orders of the District Court for a Report and Recommendation. For the reasons stated herein, the undersigned **RECOMMENDS** that the Motion to Suppress [Doc. 28] be **DENIED**.

I.      **BACKGROUND**

On October 13, 2021, a federal grand jury returned an indictment against Mr. Saine, charging him with violating 18 U.S.C. § 922(g)(1) by knowingly possessing a firearm, namely a

Ruger LCP9, 9mm semiautomatic pistol, while being aware that he was prohibited from doing so because he is a convicted felon. On April 12, 2022, a federal grand jury returned a superseding indictment adding counts against Ms. Saine and charging Mr. Saine with additional counts of violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A) by knowingly possessing with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers and 18 U.S.C. §§ 922(g)(1) and 924(e) by knowingly possessing firearms that were transported in interstate commerce, namely a Springfield Armory, model Saint, 5.56 caliber rifle and a Walther, model PK380, .380 caliber pistol. On July 13, 2022, a federal grand jury returned a second superseding indictment charging Mr. Saine with possession of a Ruger EC9S rather than a Ruger LCP9. On October 12, 2022, a federal grand jury returned a third superseding indictment which did not alter the charges brought against Mr. Saine but added allegations that he had incurred convictions for multiple aggravated robberies and an aggravated burglary prior to possessing the firearms at issue.

On October 18, 2021, Mr. Saine was arrested and placed in the custody of the Kingsport City Jail. While in custody, Mr. Saine called Ms. Saine and talked to her, and a person known as "Blood." The call was recorded, but Mr. Saine claims that he did not have any warning that the telephone calls he made from the jail might be recorded. [Doc. 28, p. 1]. As a result of this claimed lack of notice, Mr. Saine argues that the recording of his telephone call violated the Omnibus Crime Control and Safe Streets Act of 1968's prohibition on wire communication interceptions. *Id.* However, the United States provided a photograph which depicts a sign prominently on display in the booking area that read as follows: "JAIL PHONES SUBJECT TO MONITORING AND RECORDING AT ALL TIMES."[1] Mr. Saine further argues even if he was provided with notice that his calls would be recorded that the content of the conversation is inadmissible under the

---

[1] Counsel for Defendant was not in possession of this photograph when the motion at issue was filed.

Federal Rules of Evidence and should be suppressed. [Doc. 28, p. 1-3]. In response, the United States contends that the jail where Mr. Saine made the call did provide proper notice, as demonstrated by the photograph provided, and that the content of the call should not excluded under the Federal Rules of Evidence. [Doc. 76, p. 1].

## II.  ANALYSIS

Mr. Saine first argues that the recording of his phone call from the Kingsport City Jail violated a federal statute against wire interceptions, because Mr. Saine was not given notice that his call could be recorded. In an evidentiary hearing before the undersigned, defense counsel conceded that there was a sign hanging in the jail which warned inmates about potential monitoring of their telephone calls at the time Defendant was incarcerated there but asked the Court to consider whether the sign provided sufficient notice that inmates' calls could be recorded.

The Omnibus Crime Control and Safe Streets Act of 1968 prohibits interceptions of wire, oral, and electronic communications using electronic, mechanical, or other devices unless an exception applies. 18 U.S.C. § 2511. As relevant to this Motion, law enforcement institutions may record telephone call activity in jails if inmates are on notice that their conversations may be monitored or recorded. *Adams v. City of Battle Creek*, 250 F.3d 980, 984 (6th Cir. 2001) (citing *United States v. Paul*, 614 F.2d 115, 117 (6th Cir. 1980)); *United States v. Houston*, No. 1:13-CR-37, 2015 WL 1061971, at *10 (E.D. Tenn. Mar. 11, 2015). The Act contains an exception for law enforcement officers acting in the course of their official duties. 18 U.S.C. § 2511(2)(e). The Sixth Circuit has interpreted this exception to allow monitoring in jails and prisons if inmates are given notice that monitoring may occur. *Adams*, 250 F.3d at 984 (noting that "Congress most likely carved out an exception for law enforcement officials to make clear that the routine and almost universal recording of phone lines by police departments and prisons, as well as other law

enforcement institutions, is exempt from the statute, [but], even prisoners are entitled to some form of notice that such conversations may be monitored or recorded."); *Houston*, 2015 WL 1061971, at *12 (finding that "notice of some sort is required for the law enforcement exception to apply.").

In this case, there was a sign hanging in the booking area of the Kingsport City Jail stating, "JAIL PHONES SUBJECT TO MONITORING AND RECORDING AT ALL TIMES." In *Paul*, the Sixth Circuit upheld the district court's decision that monitoring inmate calls was permissible when the monitoring took place pursuant to a policy and "telephone rules were posted." *Paul*, 614 F.2d at 117. In *Paul*, although the issue was disputed the court found that telephone rules were posted, which provided the inmates with reasonable notice that monitoring might occur. *Id.* As a result, the monitoring and recording of the inmates' calls was found to be permissible under the law enforcement exception. *Id.* Here, a sign stating jail phones were subject to monitoring and recording was posted clearly in the booking area of the jail. Mr. Saine should have seen the sign upon entry into the jail, and he provided no testimony to indicate that he did not. As a result, the Court finds he was on notice that his calls may be monitored and/or recorded. Accordingly, the Court finds that the recording did not violate the Omnibus Crime Control and Safe Streets Act.

Mr. Saine also seeks suppression of statements made during the phone call under the Federal Rules of Evidence and offers a variety of reasons for his request. During a hearing before the undersigned, the Court indicated that it intended to address this issue; however, after further reviewing the briefs in this matter, the Court has determined that the issue is not yet ripe. The United States has not yet placed Mr. Saine on notice of the statements it intends to introduce against him at trial nor is the Government required yet to do so. At the same time, the Court encourages the United States to disclose this information as early as practical to allow the Court to address the issues for the benefit of the Government and Defendant. Once the United States has made its

disclosure, Mr. Saine will be positioned to identify which statements he finds objectionable and the specific reasons for his objections. At this juncture, his requests and arguments in support are simply too broad to permit the Court to properly address them[2].

## III.   CONCLUSION

The Court concludes that Mr. Saine was on notice that his telephone conversation placed from the Kingsport City Jail could be recorded; thus, the call was properly recorded and did not result in a violation of the law. The Court further finds that it would be premature to address the admissibility of statements made during the conversation pursuant to the Federal Rules of Evidence. Accordingly, and for the reasons outlined above, the undersigned **RECOMMENDS** that Defendant's Motion to Suppress [Doc. 28] be **DENIED with prejudice** as to the wiretap issue but be **DENIED without prejudice** as to the admissibility of the contents of the telephone call based upon the Federal Rules of Evidence. [3]

Additionally, the Court **RECOMMENDS** that once the United States has placed Mr. Saine on notice of the statements it intends to introduce against him, should any of those statements have been made during the telephone conversation at issue here, Mr. Saine be permitted to refile his request to exclude under the Federal Rules of Evidence. For each statement Mr. Saine seeks to

---

[2] The Court's reference to the lack of specificity in defense counsel's arguments is not a criticism. The Court appreciates defense counsel's zealous advocacy in trying to ensure that no statement comes into evidence against Defendant which is properly excludable, and the concern about having such motion of record prior to the expiration of the motions deadline.

[3] Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

exclude, the Court **FURTHER RECOMMENDS** that he be required to set forth the statement with specificity and the legal basis for seeking exclusion.

Respectfully Submitted,


/s Cynthia Richardson Wyrick
United States Magistrate Judge