UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | 2:21-CR-109 |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| RICCO SAINE, et al | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

Defendants Ricco Saine and Tonya Rae Saine filed Motions [Docs. 78 and 81] asking the Court to sever Ms. Saine from Mr. Saine in this action. The Government filed responses in opposition. [Doc. 86 and 87]. Ms. Saine is the sole defendant charged in Counts Two and Three of the Second Superseding Indictment [Doc. 62] and Mr. Saine is the sole defendant charged in the remaining counts in that indictment. This matter comes before the Court pursuant to 28 U.S.C. § 636 and the standing order of the District Court. For reasons stated below, Ms. Saine's Motion to Sever [Doc. 81] is **GRANTED** and Mr. Saine's Motion to Sever [Doc. 78] is **DENIED** as moot.

I.     **BACKGROUND**

The second superseding indictment[1] in this matter contains three counts against Mr. Saine. Counts One and Five accuse him of being a felon in possession of firearms and Count Four accuses him of possessing with intent to distribute 50 grams of more of methamphetamine. Ms. Saine is

---

[1] After the filing of the motions and responses at issue, a Third Superseding Indictment was handed down. [Doc. 99]; however, this superseding indictment did not change the nature of the charges, nor will it impact the Court's analysis of the issues raised so for clarity's sake the Court will refer to the charges contained in the Second Superseding Indictment.

accused in Count Two of providing false statements in connection with purchasing firearms and Count Three accuses her of furnishing those firearms to Mr. Saine knowing that he was a felon. There is no indication that Counts One and Four involve Ms. Saine in any manner. On the other hand, Count Five accuses Mr. Saine of possessing the firearms referenced in Counts Two and Three of the indictment. As to the timing of the offenses charged, the date of the conduct giving rise to Count One was allegedly August 27, 2021; to Count Four it was October 18, 2021; and to Count Five it was September 4, 2021. Both of Ms. Saine's charges arise from conduct allegedly occurring on September 4, 2021.

Defendants have both now moved to sever the counts pending against Ms. Saine from those which are pending against Mr. Saine pursuant to Fed. R. Crim. P. 14. [Docs. 78 and 81]. In support, Mr. Saine argues that Ms. Saine has made incriminating statements against him and if the two are tried jointly statements which would normally not be admissible against him may be admitted into evidence, causing him to suffer a violation of his Sixth Amendment rights. [Doc. 78, p. 2-3]. Ms. Saine argues that she will be prejudiced if the parties are tried jointly because she will have to choose between testifying on her own behalf, which will simultaneously incriminate her husband, or refusing to testify which will leave only the testimony of witnesses called on behalf of the Government to be considered by the jury when determining her guilt or innocence. [Doc. 81, p. 2]. Ms. Saine further submits that the Government will likely elicit testimony evidencing that Mr. Saine is a member of the Vice Lords gang, which she contends, in turn, will indicate to the jury that she is affiliated with the gang as well because Defendants are married. *Id.* Lastly, Ms. Saine contends that the Government will present evidence regarding Mr. Saine's alleged possession of illegal drugs and intent to sell them. *Id.* She states that while the Government has not charged her with any drug offense nor provided any evidence that she was engaged in the sale of illegal

narcotics, a jury would likely again make assumptions that she was involved because of her marriage to Mr. Saine. *Id.*

In response, the Government contends that Defendants can receive a fair trial if tried jointly. [Doc. 86 and 87]. As to Mr. Saine's motion, the Government argues that he has not met the high burden of demonstrating prejudice because he has failed to demonstrate any particularized prejudice he would suffer if he and his wife were tried together. [Doc. 86, p. 8]. The Government further contends that the proof needed to address the charges pending against Mr. Saine in Counts One and Five and Ms. Saine in Counts Two and Three involves significant overlap.[2] [Doc. 86, p. 6]. In fact, the Government avers that with regard to the gun-related counts, "[t]he sole element of knowingly possessing would be the only one with distinct proof as to the Defendant." *Id.*

As to Ms. Saine's motion, the Government addresses only a portion of the arguments contained in her motion. The Government contends that Ms. Saine's argument of facing a double-edged sword in choosing whether to testify if tried with her husband is unavailing because the argument is based solely upon her speculation as to what the Government might seek to introduce at trial regarding her husband's alleged bad acts. [Doc. 87, p. 7-8]. The Government does not address whether she would be expected to suffer any prejudice due to the evidence which would be introduced regarding the drug charge levied against Mr. Saine.

---

[2] The Government refers to the overlap as being in Counts One through Four; however, the Court notes that Count Four is a drug possession count and it is Count Five that accuses Defendant Ricco Saine of possessing the firearms at issue in Counts Two and Three.

## II. LAW AND ANALYSIS

Joinder of defendants is appropriate where defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The purpose of joinder is "to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968) (quoting *Daley v. United States*, 231 F.2d 123, 124 (1st Cir. 1956)). The decision of whether to sever a defendant falls within the wide discretion of the trial court. *United States v. Breinig*, 70 F.3d 850, 852 (6th Cir. 1995).

Generally, defendants who are indicted together should be tried together. *Id.*; *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992); *see also* Fed. R. Crim. P. 8(b). "Federal courts strongly favor joint trials because they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* at 852-53 (cleaned up). However, the court may order severance of defendants when joinder causes prejudice to a party. Fed. R. Crim. P. 14. Defendants who have been properly joined under Rule 8(b) will only be severed upon a showing "of a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 853 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)); *United States v. Delgado*, 350 F.3d 520, 526 (6th Cir. 2003). Where defendants fail to overcome this heavy burden, courts often use limiting instructions to protect defendants from prejudice. *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

Whether defendants are properly joined often goes hand-in-hand with a consideration of whether counts are properly joined. Courts will sever counts only if the defendant requesting

severance overcomes the heavy burden of proving prejudice. *United States v. Davis*, 707 F.2d 880, 883 (6th Cir. 1983). To overcome this burden, a defendant must demonstrate that a compelling, specific, and actual prejudice will result absent severance. *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017). When analyzing whether a defendant has demonstrated that he or she faces compelling, specific, and actual prejudice if counts remain joined, the Court looks to "the allegations on the face of the indictment" for evidence of prejudice. *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002). Such prejudice exists in cases where "the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense." *United States v. Rox*, 692 F. 2d 453 (6th Cir. 1982). This does not stand for the proposition that every concern raised about jury confusion will merit severance of counts. The Sixth Circuit starts with the presumption that juries can sift through evidence and consider each count separately. *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987). For that reason, voluminous evidence proffered in support of multiple distinct charges will not be enough to merit severance of charges. On the other hand, when counts are "wholly unrelated" courts do consider those counts improperly joined and grant severance. *United States v. Bibby*, 752 F. 2d 1116, 1121 (6th Cir. 1985) (holding that where charges of excessive tax deductions were unrelated to a common scheme to defraud and conspire against Honeywell, severance was proper). Conversely, the Sixth Circuit has affirmed joinder of multiple counts where the factual underpinnings of joined charges is supported by overlapping evidence. *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 477-78 (6th Cir. 2006) (finding that a court properly denied severance of counts of arson arising from fires set to two businesses owned by the same defendant where fires occurred less than eighteen months apart and both counts included evidence of similar accelerant and subsequent insurance claims as well as overlapping witnesses). Many courts have analyzed the issue of

severance by asking whether all evidence could be admissible in the trial of each separate count if the counts were separated as requested. *See United States v. Berardi*, 675 F.2d 894, 899-900 (7th Cir. 1982); *see also United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988).

The Court will first consider Ms. Saine's argument that the offenses with which she is charged require evidence distinct from those with which Mr. Saine is charged, particularly the drug distribution charge. As directed by Federal Rule of Criminal Procedure 14, in assessing this contention the Court will look to the face of the superseding indictment to determine whether joinder would cause her to suffer prejudice as a result.

The Court notes that from the face of the indictment that there are distinct criminal issues involved. One involves Mr. Saine's alleged drug possession with intent to distribute. Neither on the face of the superseding indictment nor in any pleading filed by the United States is there an indication that Ms. Saine was involved in the drug possession. Additionally, the original indictment was a single count charging Mr. Saine with being a felon in possession of a firearm. There is no indication on the face of the original or superseding indictment indicating any involvement by Ms. Saine in Mr. Saine obtaining that firearm nor has the Court been provided any information that would so suggest.

It is only Counts Two and Three in which Ms. Saine is charged and Count Five in which Mr. Saine is charged that have any connection to one another. As an initial matter, it is important to note the nature of the charge Mr. Saine faces in Count Five. The charge is the same as the one he faces in Count One, only the firearms he is accused of possessing are different. In considering what the United States will have to prove to convict Mr. Saine of Counts One and Five, they will have to prove that he possessed the firearms, and that he did so knowing that he had a prior felony conviction. The only other element to be proven is that the weapons Mr. Saine possessed traveled

in interstate commerce. Whether Ms. Saine supplied Mr. Saine with two of the weapons at issue and whether she obtained those guns lawfully are not determinative of whether Mr. Saine is guilty of the gun offenses with which he is charged.

In considering the nature of the charges that Ms. Saine is facing, to obtain a conviction under count two, the United States will be required to prove that Ms. Saine made a materially false written statement to a licensed firearm dealer in purchasing the guns that she is accused of later supplying to Mr. Saine, and that the false statement she made was likely to deceive the firearms dealer into believing the purchase was for a lawful purpose when it was not. To obtain a conviction under count three, the United States will have to demonstrate that Ms. Saine then furnished the firearms purchased to Mr. Saine knowing that he had a prior felony conviction and could not lawfully possess them. As such, the only overlap in the proof necessary to convict defendants as to Counts Two, Three and Five is that Mr. Saine had a prior felony conviction, and that he did in fact possess the two firearms Ms. Saine purchased.

As referenced above, *Bibby* instructs that counts wholly unrelated in nature merit severance. The facts presented here demonstrate such a difference. Information regarding Mr. Saine's alleged drug possession with intent to distribute would be irrelevant to the issues of whether Ms. Saine made false statements in purchasing firearms and whether she then supplied those firearms to Mr. Saine, and the Court cannot envision a scenario under which information about the drug activity would be admissible if Ms. Saine was tried alone. Additionally, whether Mr. Saine possessed the firearm at issue in Count One has no bearing on the charges brought against Ms. Saine in Counts Two and Three.

Moreover, Ms. Saine makes a strong argument demonstrating that she will suffer actual, impermissible prejudice if she is tried alongside Mr. Saine given the other counts that he is facing,

particularly the one related to possession of methamphetamine with intent to distribute. While the United States would likely be unable to demonstrate that Mr. Saine's gang affiliation had any relevance to the felon of possession charge contained in Count One which is unrelated to Ms. Saine, there certainly may be permissible reasons to admit such evidence in addressing his alleged drug-dealing. The Sixth Circuit has previously noted that when addressing the issue of prejudice one of the factors is "whether spillover evidence would incite or arouse the jury to convict on the remaining counts…" *United States v. Dale,* 429 F.App'x 576, 578 (6th Cir. 2011).

The Court finds the Sixth Circuit's opinion in *United States. v. Breinig,* 70 F.3d 850 (6th Cir. 1995), to offer particularly good guidance here. There, a defendant and his wife were both charged with attempting to evade their federal income tax obligation. Defendant's wife employed a defense of reduced *mens rea* and to support it introduced highly prejudicial evidence regarding her husband's bad character. This evidence would not have been admissible against defendant husband if he had been tried separately. The Sixth Circuit reversed Defendant husband's conviction and ordered a new trial, finding that admission of the highly prejudicial evidence via a joint trial "provided the government with an unfair windfall that the rules of evidence and elemental notions of fairness would otherwise not allow, and that Rule 8(b) does not envision."

In the case at hand, the charges brought against Ms. Saine present very straightforward issues. Did she obtain the two firearms she purchased with the intent to supply them to Mr. Saine by making false statements? Did she provide the firearms purchased to Mr. Saine knowing that he was a convicted felon? It is difficult to imagine how the Government could demonstrate an appropriate basis for introducing character evidence as to either Ms. Saine or her husband in presenting its case as to these two counts. On the other hand, because these defendants are married

to one another,[3] the Court finds that there is a serious and unfair danger to Ms. Saine of being tarred with the same brush as Mr. Saine given the evidence of his bad character that is almost certain to be appropriately introduced by the Government in attempting to prove that he is guilty of possession with intent to distribute a large quantity of methamphetamine. Given that this type of evidence will be inadmissible in her case if Ms. Saine is tried separately, the Court find that the reasoning employed by the Sixth Circuit in *Breinig* compels severance.

### III. CONCLUSION

For reasons stated herein, the Court finds that severance of the charges levied against Ms. Saine from those brought against Mr. Saine is compelled by applicable law primarily to guard against the potential for undue prejudice to Ms. Saine. If Ms. Saine is not severed from Mr. Saine in this action, the proof that will be introduced to address the unrelated criminal activity with which Mr. Saine is charged in Count One and Count Four has serious potential to improperly influence a jury's deliberations on the two counts in which Ms. Saine is charged and prevent the jury from making a reliable judgment about Ms. Saine's guilt or innocence. The Court finds that this likely prejudice cannot be adequately addressed via a jury instruction. Accordingly, Ms. Saine's Motion to Sever [Doc. 81] is **GRANTED** and Mr. Saine's Motion to Sever [Doc. 78] is **DENIED** as moot.

SO ORDERED:

s/ Cynthia Richardson Wyrick
United States Magistrate Judge

---

[3] The *Breining* court did not rely on the parties being married to one another as a reason to grant severance and the Court does not intend to so indicate by including this observation here.